UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, *a.k.a James Gatewood Blakely*, *a.k.a. Jimmy G. Blakely*; <br><br> Plaintiff, <br><br> vs. <br><br> Ms. Andrew, Head Nurse of McCormick Corr.; <br> A/W Parker; <br> Warden Cartledge; <br> Mr. David M. Tatarsky, <br><br> Defendants. | C/A No. 5:12-3004-MGL-KDW <br><br><br><br> Report and Recommendation |

James G. Blakely ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(DSC). Plaintiff, who is incarcerated at McCormick Correctional Institution ("MCI"), files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed without prejudice.

I.  Background

The Complaint alleges that Plaintiff requested an examination for "cancer, heart disorder, and extreme back pains" on October 10, 2012. ECF No. 1 at 3. Plaintiff believes he has "possible brain cancer" due to headaches; vision problems; and pain in his neck, shoulders, and bones. *Id.* Medical staff provided an examination for back pain and checked Plaintiff's vital signs, but did not "check for cancer," or perform any testing for his heart condition. *Id.* Plaintiff alleges that he was informed by Defendant Andrew, Head Nurse at MCI, that "nurses are told not to examine inmates for cancer or any other costly disease." *Id.*

Plaintiff further complains that he was "forced to turn in [his] metal walker" when "given a job in the cafeteria as a cook," and that working in the cafeteria requires lifting heavy objects, thus, causing more back pain.[1] *Id.* at 4. The Complaint alleges that Plaintiff has reported this problem to Defendants Andrew, Tatarsky, Assistant Warden Parker, and Warden Cartledge. *Id.* Finally, Plaintiff states that he is assigned to a "three man cell," which is overcrowded. *Id.* at 4-5. Plaintiff seeks injunctive relief in the form of: (1) a medical examination by doctors not affiliated with the South Carolina Department of Corrections; (2) placement in a two-person cell; (3) return of his walker; and (4) removal from his cafeteria job. *Id.* at 5.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially

---

[1] The Complaint alleges that Cafeteria Supervisor Bell makes Plaintiff lift heavy items. ECF No. 1 at 4. However, Supervisor Bell is not named as a defendant in the Complaint's caption or "parties" section, nor has Plaintiff provided service documents for this individual. Therefore, Supervisor Bell has not been listed as a defendant in this case.

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a pro se complaint, the court assumes the plaintiff's allegations to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990).

  B. Analysis

The Complaint is subject to summary dismissal for Plaintiff's failure to administratively exhaust his claims regarding unconstitutional prison conditions and denial of medical treatment through the prison's grievance system. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must utilize all available remedies so that prison officials have the opportunity to first address the claims administratively. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199, 212 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint,

*sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006); *Moore v. Bennette*, 517 F.3d at 725.

In the present case, Plaintiff requested an examination for medical issues on October 10, 2012. ECF No. 1 at 3. Plaintiff signed the instant Complaint on October 15, 2012, *id.* at 5, and forwarded the Complaint to the prison's mail room that same day, ECF No. 1-1 at 2. While Plaintiff alleges that he filed a prison grievance concerning "extreme back pains and heart pains" in May of 2012, ECF No. 1 at 2, records in Plaintiff's pending cases before this court reflect that he was not transferred to MCI until August 14, 2012. *See James G. Blakely v. Dr. Moore, et al.*, Civil Action No. 5:12-2270-MGL-KDW, ECF No. 8 (D.S.C. Aug. 22, 2012).[2] Therefore, the May 2012 grievance could not have addressed the issues at MCI that form the basis of this Complaint. As it is clear from the face of the instant Complaint that Plaintiff filed this case prematurely, before he fully exhausted the prison's administrative remedy process, this case is subject to summary dismissal.

It is further noted that Plaintiff has a pending § 1983 action before this court involving many of the same Defendants named in the instant Complaint. *See* Compl., *James G. Blakely v. Leroy Cartledge, Warden, et al.*, Civil Action No. 5:12-2649-MGL-KDW (D.S.C. Sept. 14, 2012), ECF No. 1. As in the present action, Plaintiff's pending case asserts that Defendants Cartledge, Parker,

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

and Tatarsky have been deliberately indifferent to Plaintiff's medical needs.[3] *Id*. Because the issues involved in the Complaint *sub judice* may be addressed in Plaintiff's pending civil action, this Complaint is also subject to summary dismissal, in the interests of judicial economy and efficiency, as a duplicate filing. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

III.     Conclusion and Recommendation

Accordingly, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 1, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Ms. Bell, Cafeteria Supervisor, is a defendant in Plaintiff's pending civil action. *See* Compl., *James G. Blakely v. Leroy Cartledge, Warden, et al.*, Civil Action No. 5:12-2649-MGL-KDW (D.S.C. Sept. 14, 2012), ECF No. 1. The complaint in that pending matter also discusses Nurse Andrew, but does not name her as a defendant in the case. *Id.* at 3, 6.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).