UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James G. Blakely, | ) | CA No. 5:12-3004-MGL |
| *a.k.a James Gatewood Blakely,* | ) | |
| *a.k.a Jimmy G. Blakely,* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ms. Andrew, Head Nurse of MCormick Corr.; | ) | |
| A/W Parker; | ) | |
| Warden Cartledge; | ) | |
| Mr. David M. Tatarsky, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff James G. Blakely ("Plaintiff") is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at McCormick Correctional Institution. Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights due to *inter alia* Defendants' failure to give him a medical examination for possible cancer and a heart disorder and for being subjected to prison overcrowding by being housed in a "three man cell." (ECF No. 1). Plaintiff seeks injunctive relief.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Kaymani D. West for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. The Magistrate Judge filed a Report and Recommendation ("Report") (ECF No. 13) on November 1, 2012, recommending that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice and without issuance and service of process due to Plaintiff's failure to exhaust the available administrative remedies. The Report sets forth in detail the relevant

1

facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On November 16, 2012, Plaintiff filed objections to the Report and Recommendation.[1] However, most of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims. The court was able to glean only one specific objection. Plaintiff objects to the Magistrate Judge's conclusion that he did not exhaust his administrative remedies for the grievances that serve as the basis for his complaint. To support this objection, Plaintiff asserts that he filed a grievance asking for a medical examination in May of 2012 while housed at a different correctional facility. Plaintiff contends that SCDC did not respond to his May 2012 grievance and that he should not have to file another grievance for the same issues.

Upon review, the court overrules Plaintiff's objections. The Magistrate Judge recommended summary dismissal of this case due to Plaintiff's failure to administratively exhaust his claims regarding alleged unconstitutional prison conditions and denial of medical treatment under the

---

[1] Plaintiff filed a response to the Report styled as "Plaintiff's Opposition to the Report and Recommendation". The court is aware that it must liberally construe Plaintiff's *pro se* response, *see Hughes v. Rowe*, 449 U.S. 5 (1980) (stating that the pleadings of *pro se* litigants are accorded liberal construction) accordingly, the court has characterized the response as Plaintiff's objections to the Report and Recommendation.

Prison Litigation Reform Act ("PLRA").  (ECF No 13 at 3).  The court agrees with the Magistrate Judge's recommendation.  The PLRA provides that "no action shall be brought with respect to prison conditions under section 183 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Congress created this limitation to allow prison officials the opportunity to take corrective action if necessary, to reduce prisoner litigation in federal courts, and to provide the contours of any federal litigation.  *Porter v. Nussle*, 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  The PLRA's requirements are mandatory and apply to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 524*; see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 67 (4th Cir.2005) (stating that the prerequisite of exhaustion is strictly enforced and must be completed prior to filing a complaint).

     Here, the record reflects that Plaintiff did not file a grievance concerning the alleged constitutional violations that he asserts occurred at McCormick Correctional Institution.  Although, Plaintiff contends that he filed a grievance in May 2012[2], he was not transferred to McCormick Correctional Institution, until August 14, 2012.  Thus, his May 2012 grievance could not have addressed the underlying issues that Plaintiff asserts in this case.

     Accordingly, after carefully reviewing the Report, Plaintiff's objections, the record, and applicable law, the court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated by reference.  Accordingly, Plaintiff's complaint is summarily DISMISSED without prejudice and

---

[2]Here, the court has no way of verifying Plaintiff's contention that he filed a grievance in 2012 that addresses the same issues set forth in this case since Plaintiff has neither attached a copy of the May 12, 2012, grievance nor submitted a verified complaint that attests to Plaintiff's contentions.

3

without issuance and service of process.

    IT IS SO ORDERED.


                                             /s/ Mary G. Lewis
                                             United States District Judge

Spartanburg, South Carolina
April 23, 2013